WALDEN, Judge.
This is a petition for common law certio-rari. It is addressed to an interlocutory order which required Petitioner, Heede Industries, Inc., to deposit $226,446.02 with arbitrators in a pending arbitration pro *372 ceeding between Heede and Respondent, Nancy J. Ratner,
Certiorari is an appropriate vehicle because Heede would not have an adequate remedy via a plenary appeal. Chalfonte Development Corp. v. Beaudoin, 370 So.2d 58 (Fla. 4th DCA 1979); Fla.R.App.P. 9.030(b)(2)(A).
There are two aspects which merit attention. First, is the mentioned sum in a proper amount? Two, is Heede entitled to a set off against the mentioned sum?
The relevant contract provision which prompted the requirement that Heede post $226,446.02 is this, “If the disagreement or dispute involves a claim for money owed by one party to another the net proceeds reasonably alleged to be owed shall be deposited in escrow with the arbitrator or arbitrators and awarded by the arbitrator or arbitrators in connection with the arbitration.” (emphasis supplied).
We look for the source of the figure $226,446.02 and find it is only mentioned in the written Demand for Arbitration filed by Respondent, Nancy J. Ratner. Contrary to the argument of Nancy J. Ratner that sum is not found in the Assignment Agreement. There is no testimony or document support for it. Thus, the selection of that figure by the trial court was based only on the naked allegation or demand for same.
In our opinion the inclusion of the words “the net proceeds reasonably alleged to be owed” found in the contract require more of a basis and more of a showing than only the bare demand for $226,446.02 found in the initial arbitration document. Had the parties not so intended they could have omitted the words “net” and “reasonably” leaving the amount to be deposited in escrow simply the amount “alleged to be owed.”
We quash that portion of the appealed order which sets the amount of the escrow deposit in the sum of $226,446.02. 3 Fla. Jur.2d, Appellate Review, § 515. On remand, we respectfully direct that a preliminary hearing be conducted and inquiry made as to whether or not the demand for $226,446.02 is a reasonable one and whether or not such sum is net. Based thereon, the amount of the deposit should be newly set.
We deal seriously with the above question because, otherwise, a pleader could fancifully set forth an absurdly high demand which the other side could not possibly raise so as to deposit, thereby suffering fatal prejudice.
As to Heede’s claim for a set off, we decide that issue adverse to it.
A short background statement is necessary. Respondent, Victor A. Ratner, sued the Petitioners, Heede and others, for damages and declaratory relief. Heede and Deltronics counterclaimed and added Respondent, Nancy J. Ratner as a counter-defendant. Then Mrs. Ratner, only, instituted arbitrational proceedings against Heede as concerns Heede’s counterclaim against Mrs. Ratner. Thus, we have the controversy splintered with the controversy between Heede and Mr. Ratner resting in the circuit court while the controversy between Heede and Mrs. Ratner is in arbitration.
The basis for Heede’s claim of set off is the misconduct of Mr. Ratner. It is found in Paragraph 7 of the Agreement of Assignment and Assumption between Heede and Mrs. Ratner:
7. The Former Stockholder acknowledges that Heede shall have the right to offset its payment obligations herein against any damages to Heede caused by Victor A. Ratner’s (a) fraudulent or (b) intentional and material breach of his representations and warranties contained in the Stock Purchase Agreement which are not satisfied by the remedies of set-off and indemnification set forth in the Stock Purchase Agreement.
So, indeed, Heede would appear to have the right to set off against the claim of Mrs. Ratner the damages caused Heede by Mr. Ratner, as specified in Paragraph 7. However, as we view it, such offset is not available to Heede until such time as it makes a claim for money in the arbitration proceedings, a step that it has not taken. Otherwise, the arbitrators would have to take *373 note of the circuit court proceedings between Heede and Mr. Ratner in a process over which they have no control. Moreover, as viewed in the forepart of this opinion, the arbitrators can only set the amount of the deposit based on “the net proceeds alleged to be owed” and we interpolate this to mean, “alleged in the arbitration proceedings.”
In sum, we hold that the trial court correctly disallowed the offset claimed by Hee-de.
The petition for common law certiorari is granted and the questioned order is approved in part and quashed in part and remanded for further proceedings consistent herewith.
DOWNEY and HURLEY, JJ., concur.